## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on May 7, 2019**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Grand Jury Original** |
| v. | |
| | **Offenses:** |
| **ZI YU ZHENG,** | **18 U.S.C. § 371 (Conspiracy)** |
| **ALSO KNOWN AS "SAM,'** | **Count One** |
| | |
| **XIAO LING WEI, and** | **18 U.S.C. § 2320(a) (Trafficking in** |
| | **Counterfeit Goods)** |
| **LING WU WEI,** | **Counts Two through Five** |
| **ALSO KNOWN AS "MIKE,"** | |
| | **Forfeiture Allegation** |
| **Defendants.** | |

## INDICTMENT

The Grand Jury Charges that:
At all times relevant to this Indictment:

### COUNT ONE
### (Conspiracy to Traffic in Counterfeit Goods)

#### Introduction

1.   Defendant ZI YU ZHENG, also known as "Sam," was a resident of Maryland.

2.   Defendant XIAO LING WEI was a resident of Maryland.

3.   Defendant LING WU WEI, also known as "Mike," was a resident of Maryland.

4.   The Guang Da Group was a retail store located at 1327 4th Street NE, Washington, DC (hereinafter, the "RETAIL STORE") operated by the conspirators, which specialized, among other things, in selling counterfeit luxury apparel and accessories.  The RETAIL STORE was operated by Guang Da Group Inc., a District of Columbia corporation.  ZI YU ZHENG was that

company's registered agent, ZI YU ZHENG and XIAO LING WEI were that company's governors.

5.      A warehouse located at 1276 5th Street NE, Washington, DC (hereinafter, the "WAREHOUSE") was another location operated by the conspirators that sold counterfeit luxury apparel and accessories.  The WAREHOUSE was operated by M Trading Inc., a District of Columbia corporation.  LING WU WEI was the registered agent and governor for M Trading Inc.

6.      CO-CONSPIRATOR 1 worked at the WAREHOUSE.

7.      CS-1 and CS-2 were confidential human sources employed by a private investigations firm hired by the victim companies, as described further below, to purchase counterfeit merchandise from ZI ZU ZHENG, XIAO LING WEI, and LING WU WEI.

8.      UNDERCOVER AGENT 1 was a Special Agent for the United States Department of Homeland Security, Homeland Security Investigations.

**Trademarks and Their Protection**

9.      The United States Patent and Trademark Office ("USPTO") is an agency of the United States Department of Commerce that provides for the examination and registration of trademarks and the dissemination of trademark information.   Through the registration of trademarks, the USPTO assists businesses in protecting their investments, promoting goods and services, and safeguarding consumers against confusion and deception in the marketplace.  The USPTO examines applications for trademark registration.   If approved, the trademarks are registered on either the Principal Register or the Supplemental Register, depending upon whether the mark meets the appropriate distinctiveness criteria.

10.     A trademark is a word, phrase, symbol or design, or combination thereof, used in commerce to identify and distinguish the goods of one manufacturer or seller from goods

manufactured or sold by others, and to indicate the source of the goods.  In short, a trademark is a brand name.

## Victims

11.     The following companies (collectively, "the victims") designed, manufactured, and distributed clothing, shoes, and accessories, and owned the following trademarks:

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Burberry Ltd. | 0863179 | Equestrian knight logo |
| Burberry Ltd. | 1133122 | "Burberry" word mark |
| Burberry Ltd. | 2022789 | Red, brown, gray, black, and white plaid pattern |
| Burberry Ltd. | 2512119 | Equestrian knight logo |
| Burberry Ltd. | 3529814 | Red, brown, gray, black and white plaid pattern |
| Chanel, Inc. | 0626035 | "CHANEL" word mark |
| Chanel, Inc. | 1314511 | "CC" word mark |
| Chanel, Inc. | 1347677 | "CHANEL" word mark |
| Chanel, Inc. | 1501898 | "CC" word mark |
| Chanel, Inc. | 1510757 | "Chanel" word mark |
| Chanel, Inc. | 1733051 | "CHANEL" word mark |
| Chanel, Inc. | 1734822 | "CC" word mark |

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Chanel, Inc. | 3133139 | "Chanel" word mark |
| Gucci America, Inc. | 0959338 | "Gucci" word mark |
| Gucci America, Inc. | 0972078 | "Gucci" word mark |
| Gucci America, Inc. | 1122780 | Green, Red, Green stripe design |
| Gucci America, Inc. | 1158170 | "GG" word mark |
| Gucci America, Inc. | 1168477 | "Gucci" word mark |
| Gucci America, Inc. | 3039629 | "GG" word mark |
| Gucci America, Inc. | 3376129 | "GG" word mark |
| Gucci America, Inc. | 4379039 | Green, Red, Green stripe design |
| Gucci America, Inc. | 4563132 | "Gucci" word mark |
| Gucci America, Inc. | 4567107 | "GG" word mark |
| Gucci America, Inc. | 4583258 | Repeating pattern of stylized letters "GG" |
| Gucci America, Inc. | 5421749 | Green, red, green stripe design |
| Louis Vuitton Malletier | 1045932 | "Louis Vuitton" word mark |
| Louis Vuitton Malletier | 1794905 | "LV" logo |
| Louis Vuitton Malletier | 1990760 | "Louis Vuitton" word mark |

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Louis Vuitton Malletier | 2361695 | "LV" logo |
| Louis Vuitton Malletier | 2378388 | Damier design |
| Louis Vuitton Malletier | 3107072 | Décor floral design |
| Louis Vuitton Malletier | 3576404 | Damier design |
| Louis Vuitton Malletier | 4192541 | Décor floral design surrounding the letters "LV" |
| Louis Vuitton Malletier | 4530921 | "Louis Vuitton" word mark |
| Louis Vuitton Malletier | 4614736 | "LV" word mark |
| Michael Kors, L.L.C. | 2520757 | "Michael Kors" word mark |
| Michael Kors, L.L.C. | 3438412 | "MK" Michael Kors word mark |
| Michael Kors, L.L.C. | 5365142 | "Michael Kors" word mark |
| Nike, Inc. | 1323342 | "Swoosh" design |
| Nike, Inc. | 1742019 | Basketball player silhouette design |
| PRL USA Holdings, Inc. | 1508314 | "Polo by Ralph Lauren" word mark |
| PRL USA Holdings, Inc. | 3812741 | Polo player on horse logo |
| Rolex Watch U.S.A., Inc. | 0101819 | "ROLEX" word mark |
| Rolex Watch U.S.A., Inc. | 1105602 | "Oyster Perpetual" word mark |

| Company | U.S. Trademark Registration No. | Description |
| --- | --- | --- |
| Rolex Watch U.S.A., Inc. | 0657756 | "Crown" design |
| Rolex Watch U.S.A., Inc. | 1782604 | "Submariner" word mark |
| The North Face | 2097715 | "The North Face" word mark |
| Timberland | 1075061 | Timberland "Maple Tree" design |
| Timberland | 1300704 | Timberland word mark |

12.     The victims registered these trademarks on the principal register of the USPTO for use on various products, such as clothing, jewelry, footwear, wallets, and handbags.  These registrations were in full force and effect at all times relevant and material to the Indictment.  The victims marked their products with these marks to distinguish them from their competitors' products, to signify that the products came from a single source, to assure the public of their quality, and to serve as a method to advertise and sell their products.  At no time did any of the victims authorize, ratify, or acquiesce to the use of these trademarks by the defendants, nor did any other person having the power to do so.

13.     Louis Vuitton Malletier, commonly referred to as "Louis Vuitton," is a corporation organized under the laws of France and headquartered in Paris, France.  It is a consumer products company engaged in the design, development, and marketing of clothing, handbags, and accessory products worldwide.

14.     Gucci Group N.V., commonly referred to as "Gucci," is a public company organized under the laws of Italy and headquartered in Florence, Italy.  It is a consumer products company engaged in the design, development, and marketing of apparel, footwear, and accessory

products, such as belts and handbags, worldwide. The company's trademarks in the United States are owned and registered by Gucci America, Inc., which is a corporation organized under the laws of New Jersey and headquartered in New York, New York.

15.    Chanel S.A., commonly referred to as "Chanel," is a corporation organized under the laws of France in Neuilly-sur-Seine, France. It is a consumer products company engaged in the design, development, and marketing of clothing, handbags, and accessory products worldwide. The company's trademarks in the United States are owned and registered by Chanel, Inc., which is a corporation organized under the laws of New York and headquartered in New York, New York.

16.    Michael Kors Holdings Ltd. is a company organized under the laws of the British Virgin Islands and headquartered in London, United Kingdom. It is a consumer products company engaged in the design, development, and marketing of clothing, handbags, and other accessory products worldwide. The company's trademarks in the United States are owned and registered by Michael Kors, L.L.C., a limited liability company organized under the laws of Delaware and headquartered in New York, New York.

17.    Nike, Inc. is a corporation organized under the laws of Oregon and headquartered near Beaverton, Oregon. It is a consumer products company engaged in the design, development, and marketing of footwear, apparel, equipment, and accessory products worldwide.

18.    The North Face Apparel Corp., commonly known as "The North Face," is a corporation organized under the laws of Delaware and headquartered in San Leandro, California. It is a consumer products company engaged in the design, development, and marketing of outerwear, footwear, outdoors equipment, and accessory products worldwide.

19.     Ralph Lauren Corporation is a corporation organized under the laws of Delaware and headquartered in New York, New York. It is a consumer products company engaged in the design development, and marketing of apparel such as polo shirts, footwear, and accessories. The company's trademarks in the United States are owned and registered by PRL USA Holdings, Inc., a corporation organized under the laws of Delaware and headquartered in New York, New York.

20.     Burberry Group plc is a public limited company organized under the laws of the United Kingdom and headquartered in London, United Kingdom. It is a consumer products company engaged in the design, development, and marketing of clothing, such as outerwear, apparel, and accessories, such as handbags and wallets, worldwide. The company's trademarks in the United States are owned and registered by Burberry Ltd., a limited liability company organized under the laws of the United Kingdom and headquartered in London, United Kingdom.

21.     Timberland Company is a corporation organized under the laws of Delaware and headquartered in Stratham, New Hampshire. It is a consumer products company engaged in the design, development, and marking of footwear and apparel such as clothes, watches, and leather goods worldwide.

22.     Rolex SA, commonly known as "Rolex," is a company organized under the laws of Switzerland and headquartered in Geneva, Switzerland. It is a consumer products company engaged in the design, development, and marketing of watches. The company's trademarks in the United States are owned by Rolex Watch U.S.A., Inc., a corporation organized under the laws of New York and headquartered in New York, New York.

## The Conspiracy

23.     From in or around December 2016, continuing through in or around December 4, 2018, within the District of Columbia and elsewhere, the defendants, ZI YU ZHENG, XIAO LING

8

WEI, and LING WU WEI, and other co-conspirators known and unknown to the grand jury, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and others, both known and unknown to the grand jury, to intentionally traffic and attempt to traffic in clothing, including footwear, handbags, jewelry, and accessories, such as belts and wallets, while knowingly using, on and in connection with such goods, counterfeit marks, that is, spurious marks that were identical with, and substantially indistinguishable from, marks that were registered for those goods on the principal register in the USPTO and were in use at the time, and the use of which marks was likely to cause confusion, to cause mistake, and to deceive, in violation of Title 18, United States Code, Section 2320(a).

## The Purpose and Plan of the Conspiracy

24.    It was the purpose of the conspiracy that the defendants and others would and did unjustly enrich themselves in the trafficking of clothing, shoes, jewelry, handbags, and accessories bearing counterfeit marks without the knowledge and authorization of the companies that (1) had spent substantial amounts of money in developing the quality of goods which bore the legitimate marks and (2) had lawfully registered such marks with the USPTO.

## Manner and Means of the Conspiracy

25.    It was part of the conspiracy that defendants ZI YU ZHENG, XIAO LING WEI, and LING WU WEI and their co-conspirators would and did intentionally traffic in clothing, handbags, footwear, jewelry and accessories, such as belts and wallets, knowing that such items bore counterfeit marks that were virtually indistinguishable to the victims' legitimate marks (hereinafter, "counterfeit merchandise").

26.    It was further part of the conspiracy that ZI YU ZHENG, XIAO LING WEI, and LING WU WEI and their co-conspirators operated, or assisted in operating, the RETAIL STORE

9

and WAREHOUSE in the District of Columbia from which the counterfeit merchandise was sold. As part of operating, or assisting in the operation of, those locations, ZI YU ZHENG, XIAO LING WEI, and LING WU WEI displayed the counterfeit merchandise for sale on racks and other means of display. Customers could shop in both the RETAIL STORE and WAREHOUSE for the counterfeit merchandise, and complete their purchases at a checkout area in either location.

27.     It was further part of the conspiracy that ZI YU ZHENG, XIAO LING WEI, and LING WU WEI and their co-conspirators engaged in various security and counter-surveillance measures in an attempt to prevent law enforcement from purchasing counterfeit merchandise at the RETAIL STORE, or from gaining entry into the WAREHOUSE, or from otherwise discovering that ZI YU ZHENG, XIAO LING WEI, and LING WU WEI and their co-conspirators were selling counterfeit merchandise at the RETAIL STORE and WAREHOUSE. Those security and counter-surveillance techniques included, among other things, the following:

      a. Ensuring that only people the defendants and their co-conspirators knew obtained entry into the WAREHOUSE;

      b. Patting down customers, and asking those customers to turn off any cell phones, prior to allowing those customers to enter the WAREHOUSE; and

      c. Maintaining a secret showroom in the RETAIL STORE from which counterfeit merchandise was sold and hiding that showroom behind a false emergency door.

28.     It was a further part of the conspiracy that the conspirators maintained a file cabinet at the WAREHOUSE filled with logos trademarked by the victims that could be affixed to merchandise, such as purses and wallets, sold at the RETAIL STORE and WAREHOUSE.

10

29.     It was a further part of the conspiracy that defendants ZI YU ZHENG, XIAO LING WEI, and LING WU WEI would sell the counterfeit merchandise described above to the public for purposes of commercial advantage or private financial gain.

### Overt Acts

30.     In furtherance of the conspiracy and to effect the objects thereof, within the District of Columbia, defendants ZI YU ZHENG, XIAO LING WEI, and LING WU WEI, and their co-conspirators, committed at least one of the following overt acts:

a.     On or about January 9, 2017, defendant XIAO LING WEI sold approximately $85 worth of counterfeit merchandise to CS-1, which CS-1 selected from a private showroom in the back of the RETAIL STORE hidden behind a door disguised as an emergency exit.  Following this transaction, defendant XIAO LING WEI told CS-1 to be careful outside because there were police in the area.

b.     On or about January 9, 2017, LING WU WEI sold CS-1 approximately $195 in counterfeit merchandise at the WAREHOUSE.  Before CS-1 entered the WAREHOUSE to make the purchase, LING WU WEI patted down CS-1 and insisted that CS-1 turn off CS-1's cellular phone.

c.     On or about January 27, 2017, defendant LING WU WEI sold CS-1 approximately $660 in counterfeit merchandise at the WAREHOUSE.

d.     On or about January 27, 2017, defendant XIAO LING WEI sold approximately $240 in counterfeit merchandise to CS-1 at the RETAIL STORE.

e.     On or about March 9, 2017, defendant LING WU WEI sold CS-1 approximately $400 in counterfeit merchandise at the WAREHOUSE.

f.      On or about March 9, 2017, defendant XIAO LING WEI sold approximately $200 in counterfeit merchandise to CS-1 at the RETAIL STORE.

g.      On or about March 25, 2017, defendant ZI YU ZHENG sold approximately $26 in counterfeit merchandise to the PI at the RETAIL STORE.

h.      On or about July 26, 2017, defendant LING WU WEI sold approximately $635 in counterfeit merchandise to CS-1 and an undercover law enforcement agent ("UCA") at the WAREHOUSE.

i.      On or about July 26, 2017, defendant ZI YU ZHENG sold approximately $135 in counterfeit merchandise to CS-1 at the RETAIL STORE.

j.      On or about November 9, 2017, defendant LING WU WEI and CO-CONSPIRATOR 1 sold approximately $2250 in counterfeit merchandise at the WAREHOUSE to CS-1 and UCA.

k.      On November 9, 2017, defendants ZI YU ZHENG and XIAO LING WEI sold approximately $850 in counterfeit merchandise to UCA and CS-1 at the RETAIL STORE.

l.      On or about August 29, 2018, defendant LING WU WEI sold approximately $260 in counterfeit merchandise to CS-1 at the WAREHOUSE. Before allowing CS-1 to enter the WAREHOUSE through a rear door, a conspirator photographed CS-1 with a cellular phone and sent the photograph to another conspirator to verify that CS-1 was authorized to purchase counterfeit goods from the WAREHOUSE.

m.      On or about September 14, 2018, defendant LING WU WEI sold CS-1 approximately $186 in counterfeit merchandise at the WAREHOUSE.

n.     On or about November 29, 2018, defendant XIAO LING WEI sold approximately $300 in counterfeit merchandise to a second confidential source ("CS-2") hired by Louis Vuitton and other victims.

o.     On or about November 29, 2018, defendant XIAO LING WEI took CS-2 to the WAREHOUSE to purchase designer handbags and wallets, and introduced CS-2 to CO-CONSPIRATOR 1. XIAO LING WEI then assisted CS-2 in a tour of the WAREHOUSE and in selecting counterfeit designer goods to purchase. CO-CONSPIRATOR 1 eventually sold approximately $923 in counterfeit merchandise to CS-2 at the WAREHOUSE.

**(Conspiracy to Traffic in Counterfeit Goods,
in violation of Title 18, United States Code, Section 2320(a))**

## COUNT TWO
**(Trafficking in Counterfeit Goods)**

31.     The allegations set forth in paragraphs 1 through 30 of this Indictment are re-alleged and incorporated by reference herein.

32.     On or about July 26, 2017, in the District of Columbia, defendant ZI YU ZHENG intentionally trafficked and intended to traffic in goods, specifically apparel and accessories, by selling such goods at the RETAIL STORE to CS-1, while knowingly using, on and in connection with such goods, counterfeit marks, that is, spurious marks that were identical with, and substantially indistinguishable from, the following registered trademarks:

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Louis Vuitton Malletier | 1045932 | "LOUIS VUITTON" word mark |
| Louis Vuitton Malletier | 3107072 | Décor floral design |

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Louis Vuitton Malletier | 4192541 | Décor floral design surrounding the letters "LV" |
| Louis Vuitton Malletier | 4614736 | "LV" word mark |
| Michael Kors, L.L.C. | 2520757 | "Michael Kors" word mark |
| Burberry Ltd. | 1133122 | "Burberry" word mark |
| Burberry Ltd. | 2022789 | Red, brown, gray, black, and white plaid pattern |
| Burberry Ltd. | 2512119 | Equestrian knight logo |
| Chanel, Inc. | 1734822 | "CC" word mark |

marks that were registered for those goods on the principal register in the USPTO and were in use

at the time, and the use of which was likely to cause confusion and mistake and to deceive.

**(Trafficking in Counterfeit Goods, in violation of
Title 18, United States Code, Section 2320(a) and 2)**

## COUNT THREE
**(Trafficking in Counterfeit Goods)**

33.     The allegations set forth in paragraphs 1 through 30 of this Indictment are re-alleged

and incorporated by reference herein.

34.     On or about November 9, 2017, in the District of Columbia, defendant XIAO LING

WEI intentionally trafficked and intended to traffic in goods, specifically apparel and accessories,

by selling such goods at the RETAIL STORE to CS-1 and UNDERCOVER AGENT 1, while

knowingly using, on and in connection with such goods, counterfeit marks, that is, spurious marks

that were identical with, and substantially indistinguishable from, the following registered trademarks:

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Louis Vuitton Malletier | 1045932 | "Louis Vuitton" word mark |
| Louis Vuitton Malletier | 1990760 | "Louis Vuitton word mark |
| Louis Vuitton Malletier | 3576404 | Damier design |
| Louis Vuitton Malletier | 4530921 | "Louis Vuitton" word mark for paper packaging |
| Louis Vuitton Malletier | 4614736 | "LV" work mark for paper packaging |
| Michael Kors, L.L.C. | 2520757 | "Michael Kors" word mark |
| Michael Kors, L.L.C. | 3438412 | "MK" Michael Kors word mark |
| Chanel, Inc. | 1314511 | "CC" word mark |
| Chanel, Inc. | 1734822 | "CC" word mark |
| Gucci America, Inc. | 4563132 | "Gucci" word mark |

marks that were registered for those goods on the principal register in the USPTO and were in use at the time, and the use of which was likely to cause confusion and mistake and to deceive.

**(Trafficking in Counterfeit Goods, in violation of
Title 18, United States Code, Section 2320(a) and 2)**

## COUNT FOUR
### (Trafficking in Counterfeit Goods)

35.     The allegations set forth in paragraphs 1 through 30 of this Indictment are re-alleged and incorporated by reference herein.

36.     On or about July 26, 2017, in the District of Columbia, defendant LING WU WEI intentionally trafficked and intended to traffic in goods, specifically apparel and accessories, by selling such goods at the WAREHOUSE to CS-1 and UNDERCOVER AGENT 1, while knowingly using, or in connection with such goods, counterfeit marks, that is, spurious marks that were identical with, and substantially indistinguishable from, the following registered trademarks:

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Chanel, Inc. | 0626035 | "CHANEL" word mark |
| Chanel, Inc. | 1314511 | "CC" word mark |
| Chanel, Inc. | 1347677 | "CHANEL" word mark |
| Chanel, Inc. | 1501898 | "CC" word mark |
| Chanel, Inc. | 1734822 | "CC" word mark |
| Chanel, Inc. | 1733051 | "CHANEL" word mark |
| Gucci America, Inc. | 0959338 | "Gucci" word mark |
| Gucci America, Inc. | 1158170 | "GG" word mark |
| Gucci America, Inc. | 3039629 | "GG" word mark |
| Gucci America, Inc. | 4567107 | "GG" word mark |

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Gucci America, Inc. | 4583258 | Repeating pattern of stylized letters "GG" |
| Gucci America, Inc. | 5421749 | Green, red, green stripe |
| Michael Kors, L.L.C. | 2520757 | "Michael Kors" word mark |
| Burberry Ltd. | 0863179 | Equestrian knight logo |
| Burberry Ltd. | 2022789 | Red, brown, gray, black, and white plaid pattern |
| Burberry Ltd. | 2512119 | Equestrian knight logo |
| PRL USA Holdings, Inc. | 1508314 | "Polo by Ralph Lauren" word mark |
| PRL USA Holdings, Inc. | 3812741 | Polo player on horse logo |
| The North Face | 2097715 | "The North Face" word mark |

marks that were registered for those goods on the principal register in the USPTO and were in use at the time, and the use of which was likely to cause confusion and mistake and to deceive.

**(Trafficking in Counterfeit Goods, in violation of
Title 18, United States Code, Section 2320(a) and 2)**

## COUNT FIVE
### (Trafficking in Counterfeit Goods)

37.     The allegations set forth in paragraphs 1 through 30 of this Indictment are re-alleged and incorporated by reference herein.

38.     On or about November 9, 2017, in the District of Columbia, defendant LING WU WEI intentionally trafficked and intended to traffic in goods, specifically apparel and accessories,

by selling such goods at the WAREHOUSE to CS-1 and UNDERCOVER AGENT 1, while knowingly using, on and in connection with such goods, counterfeit marks, that is, spurious marks that were identical with, and substantially indistinguishable from, the following registered trademarks:

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Chanel, Inc. | 0626035 | "CHANEL" word mark |
| Chanel, Inc. | 1314511 | "CC" word mark |
| Chanel, Inc. | 1347677 | "CHANEL" word mark |
| Chanel, Inc. | 1501898 | "CC" word mark |
| Chanel, Inc. | 1734822 | "CC" word mark |
| Chanel, Inc. | 1733051 | "CHANEL" word mark |
| Chanel, Inc. | 3133139 | "CHANEL" word mark |
| Gucci America, Inc. | 0959338 | "Gucci" word mark |
| Gucci America, Inc. | 1158170 | "GG" word mark |
| Gucci America, Inc. | 3039629 | "GG" word mark |
| Gucci America, Inc. | 4583258 | Repeating pattern of stylized letters "GG" |
| Burberry Ltd. | 0863179 | Equestrian knight logo |
| Burberry Ltd. | 2022789 | Red, brown, gray, black, and white plaid pattern |

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Burberry Ltd. | 2512119 | Equestrian knight logo |
| PRL USA Holdings, Inc. | 1508314 | "Polo by Ralph Lauren" word mark |
| PRL USA Holdings, Inc. | 3812741 | Polo player on horse logo |
| The North Face | 2097715 | "The North Face" word mark |
| Louis Vuitton Malletier | 1045932 | "LOUIS VUITTON" word mark |
| Louis Vuitton Malletier | 3107072 | Décor floral design |
| Louis Vuitton Malletier | 4192541 | Décor floral design surrounding the letters "LV" |
| Louis Vuitton Malletier | 4614736 | "LV" word mark |
| Nike, Inc. | 1742019 | Basketball player silhouette design |
| Rolex Watch U.S.A., Inc. | 0101819 | "ROLEX" word mark |
| Rolex Watch U.S.A., Inc. | 1105602 | "Oyster Perpetual" word mark |
| Rolex Watch U.S.A., Inc. | 0657756 | "Crown" design |
| The North Face | 2097715 | "The North Face" word mark |
| Timberland | 1075061 | Timberland "Maple Tree" design |
| Timberland | 1300704 | Timberland word mark |

marks that were registered for those goods on the principal register in the USPTO and were in use at the time, and the use of which was likely to cause confusion and mistake and to deceive.

**(Trafficking in Counterfeit Goods, in violation of
Title 18, United States Code, Section 2320(a) and 2)**

## FORFEITURE NOTICE

1.     Upon conviction of any of the offenses alleged in Count One through Count Five of this Indictment, the defendants shall forfeit to the United States: (a) any article, the making or trafficking of which is prohibited as set forth in the offenses alleged in Count One through Count Five; (b) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of any of the offenses alleged in Count One through Count Five; and (c) any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of any of the offenses alleged in Count One through Count Five, pursuant to Title 18, United States Code, Section 2320(c), Title 18, United States Code, Sections 2323(a) and (b).  The United States will also seek a forfeiture money judgment equal to the value of any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of any of the offenses alleged in Count One through Count Five.

2.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the Court;

        d.     has been substantially diminished in value; or

    e.  has been commingled with other property that cannot be divided without

      difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the

value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, Title 18, United States Code, Sections 2320(c), 2323(a), and 2323(b); and Title 21, United States Code, Section 853(p))**

        A TRUE BILL:


        FOREPERSON.


ATTOREY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA